WASHBURN, Respondent, vs. RIEMER and another, imp., Appellants.

*April 4—April 23, 1912.*

*Negotiable instruments: Holder in due course: Time of execution: Special verdict: Immaterial finding: Omitted facts: Presumption.*

The evidence being sufficient to support a finding that plaintiff was a holder in due course of the promissory note in suit, and there being a presumption in support of the judgment (under sec. 2858*m*, Stats.: Laws of 1907, ch. 346) that the trial court so found, it is immaterial that, contrary to plaintiff's testimony that the person from whom he purchased the note had purchased it from the payee two days before the day it bore date, the jury found, in answer to the only question submitted to them, that the note was not executed until the day of its date.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The defendants *Riemer* and *Sullivan* made and delivered to the defendant Somers their joint promissory note dated May 30, 1907, for $200 with interest, payable on or before October 1, 1907. Somers sold the note to one Allerton, who in turn sold it to the plaintiff. At maturity the defendants refused payment, and plaintiff brought this action to recover thereon. The defendants *Riemer* and *Sullivan* answered jointly, alleging that the note was given to Somers for certain shares of mining stock which he agreed to deliver within thirty days from May 30, 1907; that said stock had never been delivered, and that the note was without consideration, and that plaintiff purchased it with due notice that no consideration had been given therefor. On the trial plaintiff testified that he first saw the note on May 27, 1907, and that it was purchased by Allerton on May 28, 1907, and afterwards and before it became due was purchased by plaintiff. Testimony was introduced by the defendants *Riemer* and *Sullivan* to the effect that the note was not executed by them until May 30, 1907, the day on which it was dated. The single question as to whether or not the note in suit was signed by the defendants *Riemer* and *Sullivan* and delivered to Somers at any time prior to May 30, 1907, was submitted to the jury, which question they answered in the negative. Judgment was entered in favor of the plaintiff and against the defendants *Riemer* and *Sullivan,* and from such judgment this appeal is taken.

The cause was submitted for the appellants on the brief of *Curtis & Mock,* and for the respondent on that of *Marshutz & Hoffman.*

BARNES, J. The question propounded to the jury was immaterial, and the trial court must have so found, because it was answered in favor of the contention of the defendants

while judgment went for the plaintiff. Defendants made no request that any other issue be submitted to the jury; so if there were any other issuable fact or facts in controversy, we must, under the statute, presume a finding thereon in plaintiff's favor, provided there is sufficient evidence in the record to support such a finding. The note was regular on its face and negotiable in form. The plaintiff testified that one Allerton purchased it before maturity, and in fact two days before the day it bore date, for a full and fair consideration, and that plaintiff in turn purchased it from Allerton before due, for its face value, in good faith, without notice of any infirmity therein. Plaintiff also testified to other facts tending to show that he was a holder in due course under our negotiable instrument law, sec. 1676—22, Stats. (Supp. 1906: Laws of 1899, ch. 356). There was no evidence offered to the contrary, except that of the defendants *Riemer* and *Sullivan* to the effect that the note was not executed until the day it bore date. The evidence of plaintiff in reference to his purchase of the note is uncontradicted. His evidence as to when Allerton purchased the note is impeached by the verdict of the jury. But the trial court might very well conclude that plaintiff was mistaken as to the date of the Allerton purchase and that the rest of his evidence was true on all the essential points in the case, and if so such evidence was ample to support a finding by the court that plaintiff became a *bona fide* purchaser of the note in due course of business for a valuable consideration before maturity. This being so, the judgment should be affirmed.

*By the Court.*—Judgment affirmed.